I concur in the decision reached by the majority, but do so for a different reason.
The majority affirms the trial court's decision because it reasons "The very nature of the statute [R.C. 328.48] anticipates an action in court to establish this right." (Majority Opinion at 4). While I agree with this statement, I respectfully believe it begs the question raised in this appeal. It fails to address appellant's claim that an action for unjust enrichment is not one of the court actions provided (anticipated) in the statute and which are the exclusive remedies available thereunder.
The statute creates a right (a lien) and identifies the remedies available to enforce that right. The statute recognizes collection may occur upon partition or sale of the property. In the absence of either of those two situations, the statute specifically identifies the type of court action allowed/anticipated when payment of the lien is not forthcoming from the non-paying co-tenant. That court action is enforcement "as any other lien or charge." (Emphasis added). To enforce a lien, foreclosure is the appropriate court action, as the lien is against the non-paying co-tenants' shares or parts of the property. However, the statute also allows enforcement as any other "charge." I conclude appellee's action to enforce its "charge" under the theory of unjust enrichment, which has been recognized under common law predating R.C. 328.48 and its predecessors is authorized under the language contained within R.C. 323.48 itself. Such conclusion is consistent with the generally recognized principle that statutes remedial in nature are to be liberally construed.